# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| VARSHABEN VYAS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:23-cv-493 (MTT) |
| ) | |
| ALEJANDRO MAYORKAS, *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## ORDER

On December 8, 2023, Plaintiffs Varshaben Vyas, Ashishkumar Vyas, and Vishwakumar Vyas filed this action for mandamus relief. Doc. 1. On March 19, 2024, there was no evidence in the record of service on the defendants, so the Court ordered plaintiffs' counsel to advise the Court, no later than April 2, 2024, as to the status of the efforts to serve the defendants, and to show cause why this case should not be dismissed for failure to timely serve the defendants pursuant to Rule 4(m). Doc. 3. Nothing was filed. Accordingly, the Court again ordered the plaintiffs to show cause no later than May 7, 2024, why this action should not be dismissed for failure to serve the defendants and comply with the Court's Order. Doc. 4. Both orders warned that failure to comply could result in dismissal of this action. Docs. 3 at 1; 4 at 2.

The time for compliance has again passed without a response. As previously warned, the failure to comply with the Court's orders and instructions is grounds for dismissing this case. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua*

-2-

*sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1]

Accordingly, this action is hereby **DISMISSED** without prejudice.

**SO ORDERED**, this 13th day of May, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).